**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| EASTHAM AVIATION, INC., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 11-mc-112-WEB** |
| | ) | |
| | ) | **(4:10-CV-00525 (S. DIST. TEX))** |
| HAWKER BEECHCRAFT CORP., | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Non-parties FlightSafety and Scott Dickmeyer move to quash or modify a subpoena

issued by plaintiff and served in Kansas.  (Doc. 1).[1]  For the reasons set forth below, the

motion shall be GRANTED IN PART.

### The Underlying Lawsuit

The genesis of this discovery dispute is a lawsuit pending in the United States District

Court for the Southern District of Texas.  (Case No. 4:10-CV-00525).  Highly summarized,

---

[1]

After review of the informal e-mail communications from the parties, the court
ordered plaintiff to file a formal response to the motion. FlightSafety and Mr. Dickmeyer
have filed their reply and the matter is ready for ruling.

Eastham Aviation purchased a "Premier" model aircraft from Hawker Beechcraft in 2006.[2]

After operating the aircraft for approximately 1600 hours, Eastham returned the plane to

Hawker for scheduled maintenance and inspection.  The plane was serviced pursuant to the

parties' servicing agreement and returned to Eastham in November 2009.  Eastham

immediately experienced unexplained problems with the trim control system during a

November flight and again in December 2009.  Although Hawker made various adjustments

and repairs to the trim control system, Eastham contends that the aircraft is not airworthy and

asserts the following legal theories and causes of action:  (1) rescission, (2) breach of

contract, (3) breach of warranties, (4) violation of the Texas Deceptive Trade Practices Act,

(5) negligence, and (6) bailment.

### Motion to Quash or Modify Subpoena (Doc. 1)

Eastham issued a subpoena duces tecum to "Scott Dickmeyer, Flight Safety

International, Inc., Wichita Hawker Beechcraft learning center" and requested deposition

testimony and the production of documents.  (Doc. 1-2).  FlightSafety and Mr. Dickmeyer

assert numerous objections to the subpoena and move to quash and/or modify the subpoena.

The following background provides context for the discovery dispute and the court's ruling.

FlightSafety provides training for pilots, aircraft maintenance workers, and aircraft

mechanics and has learning centers located in numerous cities in the United States and in

---

[2]

  Hawker Beechcraft Corporation was formerly known as Raytheon Aircraft
Company.  The model 390 is commonly referred to as the "Premier" model.

Canada, France, and Great Britain.  Because FlightSafety is the sole manufacturer authorized

training provider for the Premier model aircraft and because Mr. Dickmeyer is the program

manager for FlightSafety's Premier training center in Wichita, Kansas, Eastham views

FlightSafety and Mr. Dickmeyer as useful sources of testimony and documents related to the

trim control system on Premier type aircraft.  As noted above, Eastham served a subpoena

duces tecum and requested FlightSafety documents and testimony concerning (1) specific

trim rudder events, (2) training related to trim rudder maintenance and repair, (3) pilot

training for trim rudder problems, and (4) evaluations and/or studies of student responses.

FlightSafety argues that the subpoena should be quashed on procedural grounds

because it (1) was served on Mr. Dickmeyer rather than FlightSafety's resident agent and (2)

fails to set out with reasonable particularity the matters for examination in violation of Fed.

R. Civ. P. 30(b)(6).[3]  FlightSafety *and* Mr. Dickmeyer also assert substantive objections,

arguing that the subpoena seeks (1) proprietary, confidential and trade secret information and

(2) unretained expert witness testimony.  Eastham counters that it seeks Mr. Dickmeyer's

testimony only as a *fact* witness and there is no prohibition on eliciting opinion testimony

---

[3]

FlightSafety also asserts a procedural objection based on Eastham's failure to tender "the fees for one day's attendance and the mileage allowed by law" as required by Fed. R. Civ. P. 45(b)(1).  The failure to tender the requisite fees and mileage is a violation of Rule 45(b)(1).  Additionally, the court notes that the subpoena directed Mr. Dickmeyer to appear for his deposition at the federal courthouse in Wichita, Kansas.  Depositions are not conducted in this courthouse without the prior approval of a judge or the clerk of the court.  The court is not aware of any authorization, nor has Eastham provided any evidence, for taking Mr. Dickmeyer's deposition at the location listed in the subpoena.  The court is puzzled by Eastham's casual approach to the routine requirements of a deposition subpoena to a nonparty witness.

from a fact witness.

FlightSafety's procedural objections are based on its belief that Eastham was seeking a Rule 30(b)(6) deposition of FlightSafety.[4]  However, Eastham's response clarifies that it specifically seeks to take the deposition of Mr. Dickmeyer.  Given this clarification, FlightSafety's procedural objections concerning service of the subpoena and compliance with Rule 30(b)(6) are moot.

With respect to the substantive objections, the court agrees that a protective order is warranted because Eastham seeks to utilize Mr. Dickmeyer as an unretained expert witness. For example, although Eastham contends that Mr. Dickmeyer is merely a fact witness, review of the requested subpoena topics and response brief show otherwise.  For example, subpoena topics 2, 3, and 4 seek all of FlightSafety's course materials concerning the rudder trim system.  Such a request is comparable to asking a medical school for testimony and course materials concerning a particular medical procedure for use in a medical negligence lawsuit. The medical instructors are not "fact witnesses" but rather expert witnesses because of their experience, education, and training.  Eastham's response brief also reveals that Mr. Dickmeyer's testimony is sought to counter Hawker's expert witness opinions.  (Doc. 4, p. 2).  As a general rule the court will not allow parties to a lawsuit to burden non-party schools and instructors with subpoenas for "classic" expert witness testimony and opinions.

_____

[4]

The confusion is understandable because the subpoena is directed to:  "Scott Dickmeyer, FlightSafety International, Inc." and requests production of FlightSafety's documents rather than Mr. Dickmeyer's documents.

However, FlightSafety's (1) status as the only "manufacturer authorized" Premier aircraft training program and (2) location in Wichita with Hawker's production facility raise the possibility that Mr. Dickmeyer possesses *factual* evidence relevant to this lawsuit. For example, Hawker may have made statements or provided information to FlightSafety or Mr. Dickmeyer concerning the rudder trim issues or maintenance requirements and Eastham is entitled to discover such information.[5] Similarly, Hawker may have made statements or provided information to Mr. Dickmeyer concerning specific rudder trim incidents. Eastham is also entitled to question Mr. Dickmeyer concerning any such communications.

Because Mr. Dickmeyer may possess discoverable factual information, the court will allow the deposition to proceed but with limitations. As discussed above, Eastham may question Mr. Dickmeyer concerning statements or information which *Hawker* provided to FlightSafety concerning the rudder trim issues and maintenance. However, because Mr. Dickmeyer has not been retained as an expert witness, questions concerning his opinions and course materials based on Mr. Dickmeyer's experience, training, and background are not subject to discovery. Finally, Eastham's request for the production of documents shall be governed by similar constraints. Communications from Hawker to FlightSafety or Mr. Dickmeyer concerning rudder trim issues are discoverable. Similarly, changes to course

---

[5]

Eastham also seeks testimony from Mr. Dickmeyer concerning his posting on an internet forum concerning rudder trim malfunctions. The court denies this request to the extent that his comments were not based on specific communications from Hawker. The court will not approve deposition discovery of non-party witnesses simply because they express some opinion on an internet forum.

materials based on Hawker's communications to FlightSafety or Mr. Dickmeyer are also

discoverable.[6]


**IT IS THEREFORE ORDERED** that FlightSafety and Mr. Dickmeyer's motion

to quash and for a protective order **(Doc. 1)** is **GRANTED IN PART** consistent with the

rulings herein. The parties shall confer concerning a mutually agreeable time and place for

the taking of Mr. Dickmeyer's deposition.[7]

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 16th day of August 2011.


S/ Karen M. Humphreys
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[6]

The parties disagree regarding whether the documents requested in the original
subpoena constitute "trade secrets." The court's ruling narrows the realm of discoverable
documents and moots that debate.

[7]

As noted in the opinion, the deposition will not be taken in the courthouse without
prior authorization.